UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA E. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00563-JPH-DML |
| | ) |
| ERIC HOLCOMB, | ) |
| ROBERT E. CARTER, JR., | ) |
| DOUG HUYVAERT, | ) |
| DREW ADAMS, | ) |
| JOHN TURKUPOLIS, | ) |
| GWENDOLYN M. HORTH, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT, DIRECTING PLAINTIFF TO SHOW CAUSE, AND GRANTING MOTION FOR INFORMATION**

Joshua E. Williams, an inmate at St. Joseph County Jail in South Bend, Indiana, commenced this 42 U.S.C. § 1983 action on February 19, 2020, was granted *in forma pauperis* status, and paid an initial partial filing fee on March 31, 2020. Dkt. 7; dkt. 8. The Court now screens the complaint and makes the following rulings.

**I.
Screening Standard**

Because the plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and

its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names six defendants: 1) Governor Eric Holcomb, 2) Commissioner Robert E. Carter, Jr., 3) Parole Director Doug Huyvaert, 4) Parole District Supervisor Drew Adams, 5) Assistant District Supervisor John Turkupolis, and 6) Parole Board Chairman Gwendolyn M. Horth. The plaintiff alleges that on January 29, 2018, he received a summons for possession of a controlled substance, a class A misdemeanor while on parole. He informed his parole agent of the summons the next day. On February 15, 2018, the plaintiff was issued an initial warrant for parole violation. He was arrested by parole agent Eric Vanatti on February 21, 2018, and transported to Marion County Jail. On February 27, 2018, he was transported to Indiana Department of Correction's Plainfield Facility and eventually transferred to Putnamville Correctional Facility. He alleges that his due process rights were violated because he never received a preliminary hearing, which is required within ten days of arrest by Indiana law. He was illegally incarcerated until his release on February 8, 2019, when the underlying criminal charges were dropped. He seeks money damages.

## III.
## Discussion of Claims

All claims against defendants Huyvaert, Adams, Turkupolis, and Horth are **dismissed** because these defendants are absolutely immune from suit for failing to ensure that the plaintiff

received a preliminary hearing. *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) ("Probation and parole officials are entitled to absolute immunity 'for their activities that are analogous to those performed by judges.'") (quoting *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)); *Thompson v. Duke*, 882 F.2d 1180, 1184–85 (7th Cir. 1989) (parole board members are entitled to absolute immunity not only for the actual decision to revoke parole but also for activities that are part and parcel of the decision process, including scheduling a hearing).

All claims against defendants Eric Holcomb and Robert E. Carter, Jr. are **dismissed.** "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.") (*citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)).

The complaint in this action contains no allegations which suggest that defendants Holcomb or Carter were personally involved in the alleged constitutional violation. Although the plaintiff alleges that he put these defendants on notice of the situation by writing them letters, mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017).

## IV.
## Dismissal of Complaint and Opportunity to Show Cause

The plaintiff's complaint must be dismissed because the Court discerns no viable constitutional claim against a defendant subject to suit. The plaintiff shall have **through July 9, 2020,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

## V. MOTION FOR INFORMATION

The plaintiff's motion for information, dkt. [14], is **granted to the extent that** this Order screens his complaint. The clerk is directed to include a copy of the docket sheet with the plaintiff's copy of this Order.

**SO ORDERED.**

Date: 6/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA E. WILLIAMS
323278
St. Joseph Co. Jail
401 W. Sample St.
South Bend, IN 46601